# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV460-MU

| | |
|---|---|
| LUCILLE SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER CAPPS, Individually )<br>and Officially, AMY JAMES, and )<br>KEVIN JAMES, Individually and )<br>Officially, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** is before the court upon Defendants' separate motions to dismiss and Plaintiff's subsequent Motion to In Large [sic] Time on Inactive Calendar. Defendants seek to dismiss the complaint due to lapsing of the Statute of Limitations. As the Complaint contains sufficient information to show that the Statute of Limitations has lapsed, Defendants' motions must be **GRANTED**. Consequently, Plaintiff's Motion is **DENIED**.

### I. Extending Plaintiff's Time to Respond Would Serve No Purpose

Defendants' motions to dismiss have been pending for nearly five months without an adequate response. Despite the issuance of a Roseboro notice on March 20, 2006, Plaintiff Lucille Smith ("Smith") has still failed to adequately respond. Though Smith's motion states that she is seeking new counsel, inquiry by the Court has shown that none of the three attorneys listed in Smith's motion foresee a future professional relationship with Smith. Given the bar imposed by the Statute of Limitations, delaying decision in this matter would achieve no apparent end.

## II. Plaintiff's Claims are Barred by the North Carolina Statute of Limitations

Smith has filed parallel state and federal actions claiming violations of Due Process and § 42 U.S.C. 1983, as well as state tort claims for trespass by a public official, false imprisonment, and malicious prosecution. Though these claims stem from events that occurred on the evening of August 12, 2002 and the early morning of August 13, 2002, this action was not filed until November 3, 2005.

Plaintiff's § 1983 and Due Process claims are governed by the state's Statute of Limitations. Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991) (§ 1983 actions); Block v. North Dakota ex rel. Bd. of Univ. And School Lands, 461 U.S. 273, 292 (1983) (constitutional claims) . Trespass by a public official and false imprisonment are explicitly limited by statute to a three-year filing period, which would have expired on August 13, 2005. N.C. Gen. Stat. Ann. § 1-52(13) (trespass by public official); N.C. Gen. Stat. Ann. § 1-52(19) (false imprisonment). Malicious prosecution has likewise been held to the same three year bar. See Evans v. Chipps, 287 S.E.2d 426, 424 (N.C. App. 1982), overruled on other grounds by Fowler v. Valencourt, 435 S.E.2d 530 (N.C. App. 297). Thus, all the state tort claims are barred by the Statute of Limitations, and by extension, so are the federal claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to In Large Time on Inactive Calendar is **DENIED** and Defendants' Motions to Dismiss are **GRANTED**. This case is hereby dismissed with prejudice.

Signed: May 2, 2006

Graham C. Mullen
United States District Judge